UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

GREGORY K. KAYLOR,

    Plaintiff                          Civil Action No. 06-12857

v.                                          HON.  ARTHUR J. TARNOW
                                           U.S. District Judge
                                           HON. R.  STEVEN WHALEN
COMMISSIONER OF SOCIAL          U.S. Magistrate Judge
SECURITY,

    Defendant.
_____/

**REPORT AND RECOMMENDATION RE: ATTORNEY FEES**

Before the Court is Plaintiff's Motion for Attorney Fees Pursuant to the Equal Access to Justice Act [Docket #13]. For the reasons set forth below, I recommend that the motion be GRANTED, and that Plaintiff be awarded attorney fees in the amount of $3,815.00, and reimbursement of the filing fee in the amount of $350.00, for a total award of $4,165.00.[1]

**I.   PROCEDURAL BACKGROUND**

On July 20, 2004, Plaintiff filed an application for disability insurance benefits under the Social Security Act, alleging disability as of March 19, 2003 (Tr. 92). After the initial denial of his claim, Plaintiff filed a timely request for an administrative hearing, conducted

---

[1] Post-judgment motions for attorney fees are not pretrial matters, and therefore a Magistrate Judge referred these matters must proceed by Report and Recommendation pursuant to 28 U.S.C. §636(b)(1)(b). *United States v. Tyson*, 265 F.Supp.2d 788, 789 (E.D. Mich. 2003); *Massey v. City of Ferndale*, 7 F.3d 506 (6th Cir. 1993).

-1-

by Administrative Law Judge (ALJ) Richard P. Laverdure on September 8, 2005. The ALJ denied benefits on March 9, 2006, finding that although Plaintiff was unable to perform any of his past work, he retained the capacity to perform a significant number of jobs in the national economy at the light exertional level. On May 26, 2006, the Appeals Council denied review, and on June 28, 2006, Plaintiff filed for judicial review of the final decision.

On June 14, 2007, the undersigned filed a Report and Recommendation (R&R), recommending that the case be remanded for an award of benefits. The basis of this recommendation was the finding that there was a lack of substantial evidence that there were significant numbers of jobs that Plaintiff could perform at the light exertional level. The ALJ found that there were only 345 such jobs, as a parking lot attendant, available regionally. The number of jobs was restricted because of Plaintiff's inability to park cars or reach overhead for keys. In addition, the available parking attendant positions, as modified to accommodate Plaintiff's restrictions, would be performed at the *sedentary*, not the *light* exertional level. Because Plaintiff, age 53 at the time of the hearing, was an individual "closely approaching advanced age," the regulations would direct a finding of "disabled" if he had the Residual Functional Capacity (RFC) for only sedentary work. *See Davis v. Secretary of Health and Human Services* 634 F.Supp. 174, 177 (E.D. Mich.,1986).

The R&R also found that the ALJ erred by failing to give adequate reasons for rejecting the disability opinion of Plaintiff's treating physician.

On July 12, 2007, the District Judge accepted the R&R, and entered judgment in favor of the Plaintiff, remanding for an award of benefits. No objections were filed to the R&R.

Plaintiff has timely filed this request for attorney fees.

## II. LEGAL PRINCIPLES

The Equal Access to Justice Act (EAJA) is one of some 131 fee shifting statutes enacted by Congress. *See Coulter v. State of Tennessee*, 805 F.2d 146, 148 (6th Cir. 1986). Specifically, 28 U.S.C. § 2412(d)(1)(A) provides, in pertinent part:

> "Except as otherwise specifically provided by statute, a court shall award to a prevailing party other than the United States fees and other expenses...incurred by that party in any civil action (other than cases sounding in tort), including proceedings for judicial review of agency action, brought by or against the United States...unless the court finds the position of the United States was substantially justified or that special circumstances make an award unjust."

In the context of a Social Security case brought under 42 U.S.C. § 405(g), even a plaintiff who wins a sentence four remand directing further administrative proceedings is a "prevailing party" within the meaning of the EAJA. *Shalala v. Schaefer*, 509 U.S. 292, 301-302, 113 S.Ct. 2625, 125 L.Ed.2d 239 (1993). The Plaintiff in this case won an award of benefits, so there is no question that he is a prevailing party. Thus, the salient question is whether the position of the United States was "substantially justified."

Under EAJA, the government has the ultimate burden of showing that its position was substantially justified such as to support a denial of attorney fees. *United States v. 0.376 Acres of Land*, 838 F.2d 819, 829 (6th Cir. 1988); *United States v. True*, 250 F.3d 410, 419, fn. 7 (6th Cir. 2001). The resolution of that question is addressed to the district court's discretion. *Pierce v. Underwood*, 487 U.S. 552, 563, 108 S.Ct. 2541, 101 L.Ed.2d 490 (1988).

In *Pierce v. Underwood*, 487 U.S. at 565, the Supreme Court defined the term "substantially justified" as "justified to a degree that could satisfy a reasonable person." However, in linking the term to a standard of reasonableness, the Court cautioned that "[t]o be 'substantially justified' means, of course, more than merely undeserving of sanctions for frivolousness; that is assuredly not the standard for Government litigation of which a reasonable person would approve." *Id.*, at 566.

### III. ANALYSIS

**A. The Commissioner's Litigation Position was not Substantially Justified**

The Defendant argues that its defense of the ALJ's finding of 345 parking attendant jobs in the local economy was reasonable, and is supported by several cases from the Sixth Circuit and from other courts finding equally small numbers to be "substantial." Of course, as Defendant acknowledges, the R&R in this case distinguished the Sixth Circuit cases because in each instance, a small number of local jobs was linked to a very high number of similar jobs in the national economy. *See* R&R, p.14; *Harmon v. Apfel*, 168 F.3d 289, 292-292 (6th Cir. 1999) (finding that 700 jobs regionally was significant in light of the fact that 700,000 existed nationally).

In addition, there was error not only in the small number of parking attendant jobs, but in the fact that the jobs were modified (in the ALJ's hypothetical question) in such a way as to reduce them from the light to the sedentary exertional level. As described in the Dictionary of Occupational Titles (DOT), #915.473-010, a parking lot attendant is an exertionally light occupation. However, that DOT description includes parking and driving

automobiles and overhead reaching, tasks that Plaintiff is restricted from performing. The remaining tasks set forth in the DOT–essentially collecting money from customers and pointing out where their cars are located–can only be characterized as sedentary. Indeed, no reasonable person–and no reasonable VE–would classify the restricted positions as exertionally light. However, because Plaintiff was "closely approaching advanced age," the Regulations decree that if he can only do sedentary work, he gets benefits.

Finally, the R&R found error in the ALJ's rejection of the treating physician's opinion, and found that even if the case were not remanded for benefits, Plaintiff would at a minimum be entitled to a sentence four remand for further administrative proceedings, a remedy that also would have made him a "prevailing party" for purposes of EAJA. *Shalala v. Schaefer, supra*. The ALJ's assessment and rejection of the treating physician's opinion was a fairly blatant error under *Wilson v. Commissioner of Social Sec.* 378 F.3d 541, 544 (6th Cir. 2004), and the Defendant's defense of that error was not "substantially justified."

Accordingly, I find that the Defendant has not met his burden of showing that the position of the Commissioner was substantially justified, and therefore Plaintiff is entitled to attorney fees under the EAJA.

**B.     Amount of Attorney Fees**

Attorney's fees claimed under the EAJA must be reasonable. *Glass v. Secretary of HHS*, 822 F.2d 19, 21 (6th Cir. 1987). As the Supreme Court noted in *Hensley v. Eckerhart*, 461 U.S. 424, 433, 103 S.Ct. 1933, 76 L.Ed.2d 40 (1983), "[t]he most useful starting point for determining the amount of a reasonable fee is the number of hours reasonably expended

on the litigation multiplied by a reasonable hourly rate." In *Glass*, 822 F.2d at 21, the Sixth Circuit, citing *Coulter v. State of Tennessee*, 805 F.2d 146, 149 (6th Cir. 1986), recognized "that the rate-times-hours method of calculation, also known as the 'lodestar' approach, includes most, if not all, of the factors relevant to determining a reasonable attorney's fee."[2]

While Defendant contests the Plaintiff's entitlement to attorney fees, he does not contest the reasonableness of the amount. *See* Defendant's Memorandum in Opposition, fn 1. Further, the Court has independently reviewed the Plaintiff's time-sheets, which list 27.25 hours at $140.00 per hour, for a total of $3,815.00, to be reasonable. Plaintiff is also entitled to the filing fee of $350.00.

## IV.  CONCLUSION

I therefore recommend that Plaintiff's Motion for Attorney Fees [Docket #13] be GRANTED, and that, pursuant to EAJA, Plaintiff be awarded $3,815.00 in attorney fees and $350.00 in filing fees, for a total of $4,165.00.

Any objections to this Report and Recommendation must be filed within ten (10) days of service of a copy hereof as provided for in 28 U.S.C. §636(b)(1) and E.D. Mich. LR 72.1(d)(2). Failure to file specific objections constitutes a waiver of any further right of appeal. *Thomas v. Arn,* 474 U.S. 140, 106 S.Ct. 466, 88 L.Ed.2d 435 (1985); *Howard v. Secretary of HHS,* 932 F.2d 505 (6th Cir. 1991); *United States v. Walters,* 638 F.2d 947 (6th

---

[2] Although *Glass* was careful to point out that each request for attorney fees must be reviewed on its own distinct facts, the Court did note that "the experienced district judge is very likely correct that twenty to thirty hours may well be the norm for attorneys to handle most [social security] cases...." 822 F.2d at 20.

Cir. 1981). Filing of objections which raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation. *Willis v. Secretary of HHS,* 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers Local 231,* 829 F.2d 1370, 1373 (6th Cir. 1987). Pursuant to E.D. Mich. LR 72.1(d)(2), a copy of any objections is to be served upon this Magistrate Judge.

Within ten (10) days of service of any objecting party's timely filed objections, the opposing party may file a response. The response shall be not more than twenty (20) pages in length unless by motion and order such page limit is extended by the court. The response shall address specifically, and in the same order raised, each issue contained within the objections.

S/R. Steven Whalen<br>
R. STEVEN WHALEN<br>
UNITED STATES MAGISTRATE JUDGE

Dated: November 15, 2007

### CERTIFICATE OF SERVICE

The undersigned certifies that a copy of the foregoing order was served on the attorneys and/or parties of record by electronic means or U.S. Mail on November 15, 2007.

S/Gina Wilson<br>
Judicial Assistant